UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AARON ARIEL GARCIA ORTIZ,

Petitioner,

v.

WARDEN, et al.,

Respondents.

No. 1:26-cv-06459-DAD-CSK (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. No. 9)

Petitioner Aaron Ariel Garcia Ortiz is a federal immigration detainee proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17).

On October 1, 2026, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for writ of habeas corpus (Doc. No. 1) be granted and petitioner be provided a bond hearing. (Doc. No. 9.) Specifically, the magistrate judge found that petitioner's detention had become unreasonably prolonged because he has been detained since March 19, 2026 without being provided a bond hearing to determine whether he presents a danger or flight risk. (*Id.* at 3–7.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 8.) On October 8, 2026, respondents filed objections to the pending findings and

recommendations contending that because petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), the constitution does not entitle him to a bond hearing where the government will bear the burden of proof. (Doc. No. 10 at 1.)

As a preliminary matter, the magistrate judge assumed, without deciding, that petitioner is subject to mandatory detention pursuant to § 1226(c)(1)(E) because his notice to appear states that petitioner is inadmissible pursuant to 8 U.S.C. §§ 1182(a)(6)(A)(i), (a)(7)(A)(i)(I), and he is charged with theft. (Doc. No. 9 at 3.) The evidence of petitioner's notice to appear would suggest that § 1226(c) governs petitioner's current detention. *Sow v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-03765-VC, 2026 WL 2163551, at *1 (E.D. Cal. July 27, 2026) (concluding that § 1226(c)(1)(E) applied to a petitioner who was charged as inadmissible under § 1182(a)(6)(A)(i) of the INA and also charged with theft).

Noncitizens subject to § 1226(c) must be detained pending the resolution of their removal proceedings. Title 8 U.S.C. § 1226(c)(1) (stating that "[t]he Attorney General *shall* take into custody any [noncitizen] who" meets the requirement of this statutory provision) (emphasis added); *see also Gonzalez v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02877 JLT EGC (HC), 2026 WL 1349315, at *1 (E.D. Cal. May 14, 2026) ("Accordingly, Petitioner's detention appears mandatory under the Laken Riley Act, codified in 8 U.S.C. § 1226(c)(1)(E), which authorizes "mandatory detention without a bond hearing[.]"). Moreover, it has been established that noncitizens subject to § 1226(c) are "not statutorily entitled to a bond hearing." *Avilez v. Garland*, 69 F.4th 525, 530 (9th Cir. 2023) (citing *Jennings v. Rodriguez*, 583 U.S. 281, 303–04 (2018)).

Nonetheless, district courts in this circuit have concluded that while noncitizens are statutorily foreclosed from receiving a bond hearing under this statutory provision, "the prolonged and indefinite detention of noncitizens under section 1226(c) without a bond hearing can violate the Due Process Clause." *Keo v. Chestnut*, No. 1:26-cv-01192-DJC-CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026). Indeed, "essentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, "will—at some point—violate the right to due process." *Martinez v. Clark*, No. 18-cv-

01669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, No. 18-cv-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019).

As to respondent's argument that petitioner is not entitled to a hearing where the government bears the burden, it provides no citation to authority in support of this assertion. (Doc. No. 10 at 1.) Here, the magistrate judge correctly found that petitioner's detention has become prolonged, and he was therefore entitled to a bond hearing where the government would bear the burden of establishing that he is either a danger or flight risk by clear and convincing evidence in order to justify his continued detention. (Doc. No. 9 at 3–7.) Other district courts have ordered the same remedy after concluding that the petitioners were both subject to § 1226(c) and had meritorious prolonged detention claims. *See Singh v. Albarran*, No. 1:26-cv-00940-DC-DMC (HC), 2026 WL 392169, at *5 (E.D. Cal. Feb. 12, 2026) ("Other district courts in the Ninth Circuit that have found prolonged mandatory immigration detention unconstitutional absent a bond hearing have applied the clear and convincing evidence standard, with the government bearing the burden of proof."); *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-00098-SAB-HC, 2025 WL 2099343, at *9 (E.D. Cal. July 25, 2025) (citing cases). This allocation of the burden of proof is particularly appropriate where, as here, the magistrate judge concluded petitioner is entitled to a bond hearing on constitutional grounds. *M.M. v. Bondi*, No. 1:26-cv-00813-DC-AC (HC), 2026 WL 604200, at *6 n.6 (E.D. Cal. Mar. 4, 2026) (collecting cases and recognizing that when a bond hearing is constitutionally mandated, the burden shifts to the government); *Mohammed v. Warden of California City Det. Ctr.*, No. 1:26-cv-00118-DJC-CSK, 2026 WL 192368, at *5 n.2 (E.D. Cal. Jan. 26, 2026) (collecting cases); *see also Black v. Decker*, 103 F.4th 133, 157 (2d Cir. 2024) (concluding that "once detention under section 1226(c) has become so prolonged that due process warrants a bond hearing[] [where] the government must justify continued detention at such a hearing . . . by clear and convincing evidence."), *cert.*

/////

/////

/////

*granted sub nom. Genalo v. Black*, 146 S. Ct. 2733 (2026), and *cert. dismissed sub nom. Genalo v. Black*, No. R46-21 / OT 2025,
2026 WL 2752021 (U.S. Sept. 16, 2026). Accordingly, the court rejects respondent's objections.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1. The Findings and Recommendations filed on October 1, 2026 (Doc. No. 9) are ADOPTED in full;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED in part as follows:
   a. Respondents are ORDERED to provide petitioner Aaron Ariel Garcia Ortiz, A-File No. 201-915-904, with a constitutionally adequate bond hearing within fourteen (14) days from the date of issuance of this order, absent a stipulation for another date by the parties;
   b. At that hearing, respondents will have the burden of establishing that petitioner is a danger or flight risk by clear and convincing evidence;
   c. Petitioner's request for immediate release is DENIED;
   d. Petitioner's request for attorneys' fees is DENIED without prejudice to renewal on a properly noticed and supported motion;

---

[1] On October 15, 2026, petitioner filed a response to respondent's objections. (Doc. No. 11.) Therein, petitioner argues that the court should order his release if it "is inclined to revisit any aspect of" the magistrate judge's order. (*Id.* at 3.) Petitioner alternatively states that, if the court orders a bond hearing, it should preside over it. (*Id.*) Because the evidence submitted by the parties supports a finding that § 1226(c) provides the basis for petitioner's current detention, he is not entitled to be released from custody. *Moran-Gomez v. Warden, Nw. ICE Processing Ctr.*, No. 2:26-cv-02261-LK, 2026 WL 2283002, at *4 (W.D. Wash. Aug. 7, 2026) ("There is no authority supporting petitioner's claim that he is entitled to an order of release' from this Court when [§ 1226(c)] mandates his detention."). Further, petitioner has failed to offer any authority that this court may conduct a bond hearing itself under the circumstances of this case, and the court's independent research has not revealed any authority to support such a request. Accordingly, the court denies petitioner's requests.

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 6, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE